IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DOMONIQUE NATASHA BRIGGS and SAMAR HASSAN, on behalf of themselves and all others similarly situated, | |
| **Plaintiffs,** | No. 15 Civ 10447 |
| -against- | Hon. Amy J. St. Eve |
| PNC FINANCIAL SERVICES GROUP, INC. and PNC BANK, N.A., | |
| **Defendants.** | |

**PLAINTIFFS' MOTION FOR PROTECTIVE ORDER
REGARDING THE DEPOSITIONS OF
<u>PLAINTIFFS DOMONIQUE BRIGGS AND SAMAR HASSAN</u>**

Plaintiffs Domonique Natasha Briggs ("Briggs") and Samar Hassan ("Hassan"), pursuant to the Federal Rules of Civil Procedure and Local Rules of the Northern District of Illinois, request the entry of a Protective Order regarding their depositions prior to briefing on Plaintiffs' motion for step-one notice under the Fair Labor Standards Act, and state:

**A.    The Nature of the Dispute and the Parties' Effort at Resolution Prior to Filing this Motion**

1.    On December 18, 2015, Plaintiffs filed their Motion for Court-Authorized Notice Pursuant to Section 216(b) of the FLSA ("Motion for Notice").  ECF 23, 24.

2.    Although the parties engaged in numerous communications about this case, including agreement to a briefing schedule on the 216(b) motion, Defendants never mentioned the need to conduct discovery prior to filing their response.

3.    On January 6, 2016, during a conference to discuss the parties' Joint Status Report due the following week, Defendants raised for the first time their professed need to

conduct discovery prior to responding to the 216(b) motion. Plaintiffs' counsel explained their position that no such discovery is warranted because, *inter alia*, it is premature at this stage of the litigation and Defendants already possess all relevant information.

4. That same day, January 6, 2016, Defendants served Notices of Taking Videotaped Deposition of Plaintiffs Briggs and Hassan later that day, unilaterally scheduling the depositions for January 25 and 27. *See* Exhibit A.

5. Plaintiffs objected to the depositions, once again advising Defendants that depositions prior to step-one notice under the FLSA are unnecessary to the Court's consideration of their 216(b) Motion for Notice. In response, Defendants maintained that they need the depositions to vet the Plaintiffs' assertion that they are similarly situated. See Exhibit B, email thread resulting in impasse on issue.

6. The Parties' disagreement, identifying their impasse, is also identified in their Joint Initial Status Report. ECF No. 30, Section 2.B.

7. Because Defendants are not entitled to discovery before filing their response to Plaintiffs' motion for step-one notice, and because the Parties were not able to resolve this dispute, Plaintiffs file this motion.

**B.     Argument**

8. Motions for step-one notice are "more easily supported" than motions for class certification under Rule 23, "and are designed to be made ***prior to discovery***." *Hart v. Crab Addison, Inc.*, No. 13-CV-6458 CJS, 2015 WL 365785, at *2 (W.D.N.Y. Jan. 27, 2015) (emphasis added); *Alvarez v. City of Chicago,* 605 F.3d 445, 448 (7th Cir. 2010) (stating at step one of the conditional certification "[t]he required showing is less stringent than that required to certify a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure"). According to our Court of Appeals, "a district court may not prohibit a plaintiff from sending notice altogether."

2

*Gambo v. Lucent Techs., Inc.,* No. 05 C 3701, 2005 WL 3542485, at *3 (N.D. Ill. Dec. 22, 2005), citing *Woods v. N. Y. Life Ins. Co.*, 686 F.2d 578, 580 (7th Cir. 1982). Courts authorize notice when the plaintiffs demonstrate, based on "'pleadings, affidavits, and declarations,'" that they are "'similarly situated'" to "'employees they seek to notify.'" *Hart,* 2015 WL 365785, at *2 (quoting *Gordon v. Kaleida Health*, No. 08-CV-378S, 2009 WL 3334784, at *3-4 (W.D.N.Y. Oct. 14, 2009)).[1]

9.  The focus, therefore, is on whether Plaintiffs have made a sufficient factual showing to authorize notice, and not on factual disputes that Defendants may be able to create. *Smith v. Family Video Movie Club, Inc.,* No. 11 C 1773, 2012 WL 580775, at *4 (N.D. Ill. Feb. 22, 2012) ("It is premature at this juncture to address the merits of Plaintiffs' claims and FVMC's defenses."). As a result, the weight of case authority rejects discovery as a pre-condition to an employer responding to a motion for step-one notice under the FLSA. See, e.g., *Reiburn v. Merrill Lynch & Co., Inc. et. al.*, Case No. 1:15-cv-2960, ECF 48; *Blum v. Merrill Lynch & Co., Inc. et. al.*, Case No. 1:15-cv-1636, ECF 54; *Villarreal v. Caremark LLC*, No. 14 Civ. 00652, 2014 WL 4247730, at *4 (D. Ariz. Aug. 21, 2014); *Gomez v. H & R Gunlund Ranches, Inc.*, No. 10 Civ. 1163, 2010 WL 5232973, at *7 n.4 (E.D. Cal. Dec. 16, 2010). In denying such pre-notice discovery, courts have noted that defendants "will have the opportunity to take the declarants' depositions and can move to de-certify the class if there is a basis to do so at a later stage." *Delaney v. Geisha NYC, LLC*, 261 F.R.D. 55,58 (S.D.N.Y. 2009); *see also Wellens v.*

---

[1] See also, *Perez v. Comcast,* 2011 WL 5979769, at *1 (N.D. Ill. 2011) (stating that "[f]irst, the court considers whether to conditionally certify a class" and that "[t]o obtain this relief, a plaintiff must make a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law") (internal quotations omitted) (quoting *Hundt v. DirectSat USA, LLC,* 2010 WL 2079585, at *2 (N.D. Ill. 2010)).

*Daiichi Sankyo Inc.*, No. 13 Civ. 0058,2014 WL 1422979, at *3 (N.D. Cal. Apr. 2, 2014) ("Should the court grant conditional certification, Defendant will have the opportunity to conduct discovery to prepare for a motion for decertification.").

10. Defendants' suggestion made during the conferral process that depositions are needed to permit a more complete examination of whether Plaintiffs have met their burden is erroneous. At the conditional certification stage, the Court should not permit such testing of Plaintiffs' evidence. *Smith*, 2012 WL 580775, at *4. Plaintiffs may meet their lenient burden for conditional certification based solely upon the pleadings and their own declarations. *See, e.g. Blakes v. Ill. Bell Tel. Co.*, 2011 U.S. Dist. LEXIS 43147, *3 (N.D. Ill. Apr. 21, 2011) ("Allegations in the pleadings coupled with the named plaintiffs' affidavits can suffice to meet the lenient first-stage evidentiary requirement.") (citing, *Aon Corp. Wage & Hour Emp't Practices Litig.*, No. 08 CV 5802, 2010 U.S. Dist. LEXIS 34888, 2010 WL 1433314, at *4 (N.D. Ill. April 8, 2010)). Thus, the lenient standard for notice renders the discovery sought by Defendants superfluous. *Brasfield v. Source Broadband Servs., LLC*, No. 08 Civ. 2092, 2008 WL 2697261, at *2 (W.D. Tenn. June 3, 2008). Indeed, Defendants' request for discovery may be a veiled "backdoor attempt to persuade this Court to utilize the intermediate standard," *Long v. CPI Sec. Sys.*, 292 F.R.D. 296, 300-01 (W.D.N.C. 2013), which Plaintiffs vigorously would oppose.

11. Recently, in *O'Toole v. Sears, Roebuck & Co.*, Case No. 11 C 4611, Transcripts attached as Exhibits C (October 6, 2011) and D (October 26, 2011), Judge Shadur rejected an FLSA defendant's request to conduct any discovery prior to filing a response to a motion for step-one FLSA notice. Judge Shadur found such discovery unnecessary, particularly given the fact that one of the purposes of notice is to allow potential FLSA plaintiffs to stop the running of the statute of limitations regarding their overtime claims and such depositions would cause yet

4

further delay. Ex. C, October 6, 2011 Transcript at 6:9-15, 23:7-27:7. Judge Shadur also noted that merits of an FLSA plaintiff's claim simply are not relevant to the conditional certification analysis. Ex. D, October 26, 2011 Transcript at 6:6-7:24, 8:22-9:8.

12. Here, in the pre-filing conferral, Defendants' counsel indicated that the purpose of the pre-notice depositions of Briggs and Hassan was to conduct discovery on Plaintiffs' job duties in order to oppose Plaintiffs' Motion for Notice. As Judge Shadur stated, "if that is the predicate for it [pre-notice discovery], you don't get it." *Id*., at 7:23-24. For the reasons explained by Judge Shadur, along with the guidance provided by other courts across the country, *see supra*, Defendants should not be permitted to conduct pre-notice depositions of Plaintiffs Briggs and Hassan.

13. In addition, Defendants' attempt to take pre-notice depositions of the Plaintiffs is simply an attempt to delay the issuance of notice to putative collective members, against whom the statute of limitations continues to run unless and until they receive notice of their right to join this collective action. *Fields v. Bancsource, Inc*., 2015 U.S. Dist. LEXIS 73428, *16 (N.D. Ill. June 5, 2015). Although Plaintiffs' depositions were noticed for late January, 2016, Plaintiffs and their counsel are not available on such short notice, one of the two Plaintiffs does not live in the State of Illinois (and whose deposition should take place where she is domiciled), and it would be unfair to order the Plaintiffs' depositions until after Defendants have produced Plaintiffs' pertinent employment records and any other documents that might be used during their examination. These documents include payroll records, job descriptions and/or other documents concerning Plaintiffs' duties, time records and/or any and all other records indicative of hours worked (e.g. log-in records), and personnel files.

14. For these reasons, Plaintiffs request the entry of a Protective Order regarding the depositions of Plaintiffs Briggs and Hassan. Alternatively, should the Court be inclined to allow

the pre-notice depositions, Plaintiffs request an Order (1) compelling Defendants to produce all relevant discovery regarding Briggs and Hassan; and (2) ordering that this is Defendants' one and only opportunity to depose Briggs and Hassan, and that Hassan must be deposed where he resides.

WHEREFORE, Plaintiffs request the entry of a Protective Order regarding the depositions of Plaintiffs Briggs and Hassan.

January 13, 2016                                      Respectfully submitted,

*/s/ Douglas M. Werman*
**WERMAN SALAS P.C.**
Douglas M. Werman
Maureen A. Salas
77 West Washington Street, Suite 1402
Chicago, IL 60602
Telephone: (312) 419-1008

**OUTTEN & GOLDEN LLP**
Justin M. Swartz
Christopher McNerney (*pro hac vice*)
Olivia J. Quinto  (*pro hac vice*)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

Paul W. Mollica
203 North LaSalle Street, Suite 2100
Chicago, IL 60601
Telephone: (312) 924-4888

**SHAVITZ LAW GROUP, P.A.**
Gregg I. Shavitz (*pro hac vice*)
Camar Jones (*pro hac vice*)
Susan Stern (*pro hac vice*)
1515 S. Federal Highway
Boca Raton, Florida 33432
Telephone: (561) 447-8888