IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DOMONIQUE NATASHA BRIGGS, and ) <br> SAMAR HASSAN, on behalf of themselves ) <br> and all others similarly situated, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ) <br> PNC FINANCIAL SERVICES GROUP, ) <br> INC., and PNC BANK, N.A., ) <br> ) <br> Defendants. ) | Case No. 15 C 10447 <br><br> Judge Amy J. St. Eve |

## ORDER

The Court, in its discretion, grants Plaintiffs' motion for a protective order regarding the depositions of the named Plaintiffs [31]. Briefing schedule on the motion for court authorized notice stands.

## STATEMENT

On November 19, 2015, Plaintiffs Domonique Natasha Briggs and Samar Hassan, individually and on behalf of other employees similarly situated, filed the present two-count Collective and Class Action Complaint alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), based on Defendants' alleged failure to pay overtime wages. On December 18, 2015, Plaintiffs filed their motion for court-authorized notice under 29 U.S.C. § 216(b), after which the Court set a briefing schedule on December 22, 2015. Plaintiffs maintain that on January 6, 2016, Defendants informed them that they needed to take the deposition testimony of the named Plaintiffs prior to responding to Plaintiffs' § 216(b) motion and served deposition notices on Plaintiffs that same day. Before the Court is Plaintiffs' motion for a protective order regarding the depositions of the named Plaintiffs. For the following reasons, the Court, in its discretion, grants Plaintiffs' motion.

## LEGAL STANDARD

"The Fair Labor Standards Act gives employees the right to bring their FLSA claims through a 'collective action' on behalf of themselves and other 'similarly situated' employees." *Alvarez v. City of Chicago,* 605 F.3d 445, 448 (7th Cir. 2010). "The conditional approval process is a mechanism used by district courts to establish whether potential plaintiffs in the FLSA collective action should be sent a notice of their eligibility to participate and given the

opportunity to opt in to the collective action." *Ervin v. OS Rest. Servs., Inc.,* 632 F.3d 971, 974 (7th Cir. 2011). "[C]ourts have adopted a two-step process for determining whether a [FLSA] lawsuit should proceed as a collective action, with the first step requiring 'a minimal showing that others in the potential class are similarly situated.'" *Creal v. Grp. O, Inc.,* ___F.Supp.3d ___, No. 13 C 4275, 2016 WL 98566, at *4 (N.D. Ill. Jan. 8, 2016) (citation omitted); *see also Strait v. Belcan Eng'g Grp., Inc.,* 911 F. Supp. 2d 709, 718 (N.D. Ill. 2012). "This first 'conditional certification' stage thus requires such plaintiffs to make only a 'modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law.'" *Creal,* 2016 WL 98566, at *4 (citation omitted). This "modest factual showing" can be supported by affidavits, declarations, other documents, or deposition testimony. *See Calverley v. Careerbuilder, LLC,* No. 13 C 1967, 2015 WL 4450045, at *1 (N.D. Ill. July 20, 2015). "If this low burden is met, notice may be issued to prospective plaintiffs who may opt into the action, with discovery to follow." *Id.* "A district court has wide discretion to manage collective actions." *Alvarez,* 605 F.3d at 449.

## ANALYSIS

In the present motion, Plaintiffs argue that step-one notice under § 216(b) is usually made prior to discovery due to its purpose and that Defendants' attempt to take the named Plaintiffs' depositions is premature, especially because they are seeking to challenge the merits of Plaintiffs' claims. To clarify, the purpose of conditional certification is to determine the size and contour of the group of employees who may become collective members and whether these potential members are "similarly situated." *See* 7B Charles A. Wright et al., *Federal Practice & Procedure* § 1807. Moreover, at this initial stage, "the court does not resolve factual disputes or decide substantive issues going to the merits." *Larsen v. Clearchoice Mobility, Inc.,* No. 11 C 1701, 2011 WL 3047484, at *1 (N.D. Ill. July 25, 2011); *see also Nehmelman v. Penn Nat'l Gaming, Inc.,* 822 F. Supp. 2d 745, 751 (N.D. Ill. 2011) ("the court does not consider the merits of a plaintiff's claims, or witness credibility").

In response to Plaintiffs' motion for a protective order, Defendants argue that Plaintiffs' depositions "are relevant to this litigation irrespective of the Court's ultimate ruling on conditional certification." Indeed, at the January 15, 2016 motion hearing, Defendants admit that part of the reason they want to take the Plaintiffs' depositions is that they want to "tee up" an early dispositive motion. Moreover, although Defendants argue that they are not trying delay the present proceedings, a delay will necessarily occur in the Court's determination of Plaintiffs' motion for conditional certification because Defendants' response to that motion is due on or before February 4, 2016, and Plaintiffs' reply is due February 25, 2016.

Last, no one disputes Defendants' argument that other district courts have allowed depositions prior to conditional certification, but as Defendants are no doubt aware, those courts had discretion under the circumstances to do so. Indeed, courts have broad discretion in managing discovery in general and collective actions in particular. *See Hoffmann-La Roche Inc. v. Sperling,* 493 U.S. 165, 171, 110 S.Ct. 482 (1989) ("Because trial court involvement in the notice process is inevitable in cases with numerous plaintiffs where written consent is required

by statute, it lies within the discretion of a district court to begin its involvement early, at the point of the initial notice, rather than at some later time."). For these reasons, the Court, in its discretion, grants Plaintiffs' motion for a protective order.

Dated: January 20, 2016

                                            **AMY J. ST. EVE**
                                            **United States District Court Judge**